IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD BAUER, VAUGHN FRYE,
JOE DELFOSSE and DANIEL MCGILL,
on behalf of themselves and all
others similarly situated,
UNITED FOOD AND COMMERCIAL
WORKERS LOCAL UNION 538,                            ORDER

                Plaintiffs,                            11-cv-15-bbc

      v.

KRAFT FOODS GLOBAL, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed class action brought under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, and the Labor Management Relations Act, 29 U.S.C. § 185, plaintiffs United Food and Commercial Workers Local Union 538, Richard Bauer, Vaughn Frye, Joe Delfosse and Daniel McGill contend that defendant Kraft Foods Global, Inc. violated ERISA and the collective bargaining agreement between the parties by reducing retiree health insurance benefits.

On September 12, 2011, plaintiffs filed a motion for class certification under Fed. R. Civ. P. 23, seeking certification of a class composed of "[a]ll former hourly employees employed at [defendant's] Madison, Wisconsin plant since June 8, 1937, who were receiving

1

retiree health care benefits from [defendant] and who suffered a reduction and/or amendment to retiree health care benefits beginning January 7, 2011." Dkt. #12. Defendant opposed the motion, contending that plaintiffs' proposed class was too broad and would require the court to conduct individualized inquiries to determine which collective bargaining agreements and plan terms applied to particular class members.

Plaintiffs filed an amended motion for class certification, proposing the following class definition:

> Former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division Madison, Wisconsin plant whose retirement began on January 1, 2001, through and including retirements beginning on March 1, 2004, and retirees who retired between August 1, 2000 and December 1, 2000, who chose coverage under the Kraft Choice Retiree Medical Plan, all of said retirees suffered a reduction and/or amendment to retiree health care benefits beginning January 1, 2011.

Plts.' Am. Mot. for Class Cert., dkt. #24, at 1. Defendant filed a response to plaintiffs' amended class proposal, raising manageability concerns but stating ultimately that "[d]efendant does not oppose certification of this smaller, amended class pursuant to Rule 23(b)(3)." Dft.'s Br., dkt. #27, at 3.

Although the parties appear to agree that it would be appropriate to certify plaintiffs' proposed amended class, courts have an independent obligation to determine whether a case meets the requirements of Rule 23(a) and (b). Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003). In this case, plaintiffs have failed to address several matters that I must resolve before deciding whether class certification is appropriate. First, plaintiffs have not explained

2

how the requirements of Rule 23(a) are satisfied by their *amended* class proposal. Rather, they analyzed the requirements of Rule 23 only with respect to their original class proposal. Plaintiffs do not explain how many class members fall within the proposed amended class, which is necessary if the court is to determine whether the class satisfies the "numerosity" requirement. Also, plaintiffs do not explain adequately whether the named plaintiffs' claims are typical of those of the other class members. In particular, plaintiffs do not explain whether all class members are subject to the same collective bargaining agreement *and* memorandum agreements between defendant and the union and whether plaintiffs' health benefits were reduced or amended in the same way as those of other class members. Further, plaintiffs fail to identify the subsection of Rule 23(b) under which they are seeking class certification of the amended class and say nothing about the form of notice that class members should receive if their proposed class is certified.

The wording of plaintiffs' proposed class definition also raises questions. Plaintiffs do not explain why the proposed class apparently excludes employees who retired between December 1, 2000 and January 1, 2001. Additionally, plaintiffs do not explain what it means for a retiree to "suffer a reduction and/or amendment" to retiree health care benefits within the meaning of the proposed class definition. Does this language require individualized inquiries to determine whether a retiree is a class member? If so, would such individualized determinations preclude a finding that common questions of law and fact predominate?

3

Finally, plaintiffs do not explain why United Food and Commercial Workers Local Union 538 should remain as a plaintiff in this case. Any claim the union may have would not be typical of those of retirees, which means that the union could not act as an adequate representative of the class.

Because the court has an obligation to insure that this case is appropriate for class certification, I will give the parties an opportunity to address the questions raised above. Plaintiffs should file a proposed class notice in conjunction with their response to this order.

ORDER

IT IS ORDERED that plaintiffs Richard Bauer, Vaughn Frye, Joe Delfosse, Daniel McGill and United Food and Commercial Workers Local Union 538 may have until January 9, 2012 to file a supplemental brief in support of their amended motion for class certification in which they address the concerns raised by this order and provide a proposed class notice. Defendant may have until January 16, 2012 to respond to plaintiffs' supplemental motion and proposed class notice.

Entered this 3d day of January, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge