IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD BAUER, VAUGHN FRYE,
JOE DELFOSSE and DANIEL MCGILL,
on behalf of themselves and all
others similarly situated,

                                                  ORDER

             Plaintiffs,                        11-cv-15-bbc

    v.

KRAFT FOODS GLOBAL, INC.,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated February 15, 2012, I granted plaintiffs' motion to certify the following class in this case brought under the Employment Retirement Income Security Act and the Labor Management Relations Act:

> Former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division, Madison, Wisconsin plant whose retirement began on January 1, 2001, through and including retirements beginning on March 1, 2004, and retirees who retired between August 1, 2000 and December 1, 2000, who chose coverage under the Kraft Choice Retiree Medical Plan.

       I instructed the parties to file a joint proposed notice by February 20, 2012, or, if they could not agree, to submit separate proposals with an explanation regarding any objections

1

to the other side's proposal. Plaintiffs submitted their proposal on February 20. Defendant did not submit its own proposal or object to plaintiffs', so I will assume that defendant agrees with plaintiff's notice.

I have reviewed plaintiff's proposed notice and it seems adequate for the most part. I noticed that plaintiffs made two changes to the approved class definition: (1) they added the qualification that a class member must have been "represented by the United Food and Commercial Workers Local Union 538" and (2) they changed the closing date of the class from March 1, 2004, to March 4, 2004. Because defendant does not object to these changes, I will amend the class definition accordingly.

However, there is one paragraph in plaintiffs' proposed notice that is a problem:

> By remaining in this lawsuit as a member of the Class, you designate Richard Bauer, Vaughn Frye, Joe Delfosse, and Daniel McGill, the representative plaintiffs, as your agents to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, **the entering of any settlement agreement, the entering of an agreement with plaintiffs' lawyers concerning fees and costs, and all other matters pertaining to this lawsuit.** The decisions and agreements made and entered into by Richard Bauer, Vaughn Frye, Joe Delfosse, and Daniel McGill will be binding on the Class members.

The phrases I have bolded seem inconsistent with Fed. R. Civ. P. 23(e)(5), which gives all class members, not the just the named plaintiffs, the opportunity to object to any proposed settlement. Accordingly, I have removed these phrases from the notice. If plaintiffs believe that they are entitled to include that information, they should file an

2

objection promptly, accompanied by relevant authority.

In addition, I have amended the last sentence from "Please do not contact the court for any reason" to "Please do not contact the court for any reason related to this case" and I inserted a two-month deadline for opting out of the class.

ORDER

IT IS ORDERED that

1. The class definition is AMENDED as follows:

Former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division, Madison, Wisconsin plant who were represented by the United Food and Commercial Workers Local Union 538 and whose retirement began on January 1, 2001, through and including retirements beginning on March 4, 2004, and retirees who retired between August 1, 2000 and December 1, 2000, who chose coverage under the Kraft Choice Retiree Medical Plan.

2. The parties' proposed class notice is APPROVED with the changes indicated above. The court has included with this order a copy of the revised notice. Unless they have objections to the revisions, counsel for plaintiffs should make copies and mail the notice

promptly.

Entered this 23rd day of February, 2012.

BY THE COURT:

/s/ Barbara B. Crabb
BARBARA B. CRABB
District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD BAUER, VAUGHN FRYE, JOE DELFOSSE and DANIEL McGILL, on behalf of themselves and all persons similarly situated, and UNITED FOOD AND COMMERCIAL WORKERS LOCAL UNION 538,<br><br>Plaintiffs,<br><br>vs.<br><br>KRAFT FOODS GLOBAL, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case no.: 11-CV-15<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF CLASS ACTION LAWSUIT AND YOUR RIGHTS

**TO:** All former hourly employees employed at Kraft Foods Global, Inc.'s Oscar Mayer Foods Division Madison, Wisconsin, plant who were represented by the United Food and Commercial Workers Local Union 538 and whose retirement began anytime between August 1, 2000, through and including March 4, 2004, who chose coverage under the Kraft Choice Retiree Medical Plan. If you fall within this group, you are considered a "Retiree" for purposes of this Notice.

Surviving spouses and domestic partners of Retirees enrolled in a Kraft sponsored retiree medical plan (referred to as "Surviving Spouses" for purposes of this Notice).

Collectively, Retirees and Surviving Spouses are the "Class" for purposes of this class action lawsuit.

**FROM:** The attorneys of record for the Plaintiffs:
*__Douglas Phebus and Victor Arellano__*, attorneys, *__Arellano & Phebus, S.C., 1468 North High Point Road, Suite 202, Middleton, Wisconsin 53562__* and *__Joseph W. Phebus,__* attorney, *__Phebus & Koester, LLP, 136 West Main Street, Urbana, Illinois 61801__*

## 1. Purposes of this Notice

This Notice is to inform you about a class action lawsuit in which you are eligible to participate as a member of the Class; how your rights under the Employment Retirement Income Security Act (ERISA) and the Labor Management Relations Act may have been affected; and to inform you of your right to opt out of the lawsuit, should you choose to do so. If you wish to be a member of the Class, you do not need to respond to this Notice.

You have been sent this Notice because the parties in this lawsuit have reason to believe the following:

For Retirees:

1. You worked as an hourly employee of Kraft Foods Global, Inc.'s Oscar Mayer plant in Madison, Wisconsin;
2. You retired from Kraft's Madison plant sometime between August 1, 2000 and March 4, 2004;
3. You were represented by the United Food and Commercial Workers Local Union 538 (the "Union") just prior to your retirement;
4. You are enrolled as a retiree under a Kraft sponsored retiree medical plan.

For Surviving Spouses:

1. You are the surviving spouse or domestic partner of a Retiree; and
2. You are enrolled as a surviving spouse or domestic partner of a Retiree in a Kraft sponsored retiree medical plan.

Pursuant to Court Order this Notice is only for the purpose of notifying the persons who have been identified as possible members of the Class so that you are informed of the nature of the claims in the case and provided an opportunity to decide whether to remove yourself from the Class by choosing to opt out.

## 2. Description of the Lawsuit

The Plaintiffs in this lawsuit claim that Kraft violated the law by making changes to some of the health care plans through which it provides health insurance benefits to retirees, and that these changes resulted in increased health care costs beginning January 1, 2011. Plaintiffs seek an award of damages for these increased costs.

Kraft acknowledges that it consolidated certain health plan designs, and that this resulted in some changes for some Class members, and that some of these changes resulted in increased health care costs for some Class members beginning January 1, 2011. Kraft asserts that its changes did not violate any law because Class members do not have a "vested" right to receive for the rest of their entire lifetime the exact same medical benefits that can never be modified by Kraft.

The court has concluded that Plaintiffs may represent the claims of the Class. But the court has not decided if the Plaintiffs' claims have merit or if Plaintiffs or any Class member will be entitled to receive any money damages.

### 3. Who is Sending this Notice

We are the lawyers representing Plaintiffs Richard Bauer, Vaughn Frye, Joe Delfosse, and Daniel McGill. We also represent the members of the Class who do not opt out of this lawsuit. We are from the law firms of Arellano & Phebus, S.C, and Phebus & Koester, LLP.

### 4. The Effect of This Suit

If you remain in this lawsuit as a member of the Class, you will be bound by the judgment, whether it is favorable or unfavorable, and any possible settlement that may be reached on behalf of the Class and approved by the court. You also may be required to cooperate with us as class counsel.

By remaining in this lawsuit as a member of the Class, you designate Richard Bauer, Vaughn Frye, Joe Delfosse, and Daniel McGill, the representative plaintiffs, as your agents to make decisions on your behalf concerning the litigation and the method and manner of conducting this litigation. The decisions and agreements made and entered into by Richard Bauer, Vaughn Frye, Joe Delfosse, and Daniel McGill will be binding on the Class members.

The representative Plaintiffs in this matter have entered into a contingency fee agreement with us as Class counsel. This means if there is no recovery, there will be no attorneys fees or costs chargeable to you from us. If there is a recovery, we as Class counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the Class.

In addition, if you choose, you may have an attorney of your choice enter an appearance on your behalf at your expense.

You do not need to respond to this Notice or take any other action in order to be a member of the Class.

You only need to respond to this Notice if you chose to opt out of the lawsuit as described below.

### 5. Legal Effect of Not Joining This Suit (Opting Out)

If you choose to opt out of this lawsuit, you will not be affected by any judgment or settlement of the claims in this case, whether favorable or unfavorable to the class, and you will not be entitled to share any amounts recovered by the Class.

If you do not want to be a member of the class and participate in this lawsuit, and instead choose to opt out, please write plaintiffs' counsel at the address below and inform them that you want to opt out of this class action lawsuit. Thereafter, you may be able to file your individual lawsuit, if you wish to do so. Your written request to opt out must be received by April 27, 2012.

### 6. Contact Information

If you want to talk with us about this lawsuit, please feel free to call, write or e-mail from your personal (not work) e-mail account during non-working time:

Douglas J. Phebus or Victor Arellano
1468 N. High Point Road, Suite 202
Middleton, WI 53562
Telephone: 608-827-7680
Fax: 608-827-7681
Email: dphebus@aplawoffice.com or varellano@aplawoffice.com

### 7. Further Information

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN, HONORABLE BARBARA J. CRABB, DISTRICT JUDGE.

THE COURT HAS TAKEN NO POSITION REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANTS' DEFENSES.

PLEASE DO NOT CONTACT THE COURT FOR ANY REASON RELATED TO THIS CASE.