IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD BAUER, VAUGHN FRYE,
JOE DELFOSSE AND DANIEL McGILL,
On behalf of themselves and all persons
similarly situated,

                      OPINION AND ORDER

          Plaintiffs,

                      11-cv-15-bbc

    v.

KRAFT FOODS GLOBAL, INC.,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Kraft Foods Global, Inc. seeks an award of attorney fees under ERISA's fee shifting provision, 29 U.S.C. § 1132(g), as the prevailing party in a suit brought by its retired hourly employees. Plaintiffs Richard Bauer, Vaughn Frye, Joe Delfosse and Daniel McGill contended on their own behalf and on behalf of a class of retired employees that defendant's changes in their health insurance benefits violated the Employment Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, and the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiffs filed their complaint on January 7, 2011; a class was certified on February 15, 2012; and plaintiffs' claims were dismissed in an order entered on August 7, 2012. Defendant contends that the claims should never have been brought.

      Defendant is correct; plaintiffs lacked any factual support for their position and included in their original complaint hundreds of individuals who had no plausible claim to

1

relief. Their action was not substantially justified.

As originally configured, the named plaintiffs included the union that represented the former employees (the United Food & Commercial Workers Local Union 538) and the individual plaintiffs, all of whom are former hourly employees of defendant who retired between August 2, 2000 and March 1, 2004. In addition, plaintiffs sought to represent all retired hourly employees, without regard to the date of their retirement. In an amended complaint, filed with their reply brief in support of their motion for class certification, plaintiffs eliminated as proposed class members all former hourly employees other than those whose retirement began on January 1, 2001 through March 1, 2004 and those who retired between August 1, 2000 and December 1, 2000 and chose coverage under the Kraft Choice Retiree Medical Plan. Dkt. #24. Plaintiffs explained this change in their reply brief as responding to "a manageability issue." Plts.' Reply Br., dkt. #25, at 1. The amendment reduced the proposed class from more than 1050 to "at least 311 employees." Stip. of parties, dkt. #33. The class was certified without the union, which was dismissed because it was obvious that any claims it might have were not typical of the class, making it an inappropriate class representative. Order, dkt. #36.

Plaintiffs' claims focused on changes to their health insurance benefits made in January 2011, eliminating one particular care provider (Dean Care) and increasing the out-of-pocket co-pay for prescription drugs. The monthly retiree medical premiums did not change, but plaintiffs contended nevertheless that these changes violated the collective bargaining agreement reached in 2000 to cover the period 2000-04, which provided that

their retiree medical premiums would not rise above "the active employee rate which is in effect at the date of retirement." Dkt. #44-4 at 6. Essentially, they wanted the court to read the term "contribution rate" as covering co-pays. (They never did explain why the elimination of Dean Care as one health care choice violated either ERISA or the LMRA, thereby waiving the claim.).

Plaintiffs' class-wide claims did not survive summary judgment. Plaintiffs' position that the term "contribution rate" extended to any out of pocket expenses to a plan participant did not stand up to examination. Not only are employee "contributions" defined consistently for insurance purposes as meaning the employee's contribution to the insurance premiums and not any out of pocket expense, the same definition applies under ERISA. Moreover, the memorandum agreement that the parties reached in 2000 and the summary plan description for the retiree medical benefits plan made it clear that "contribution rate" did not extend to co-pays and other out of pocket expenses. Order, dkt. #53, at 8-9 (explaining that participant's "contribution" is amount deducted from participant's paycheck each month and that various out of pocket expenses such as deductibles and co-pays are treated in 2000 agreement as something different from contribution, which is equated with "premiums for health insurance"). Plaintiffs relied on statements by union negotiators to support their interpretation of "contribution," but those statements were irrelevant because the agreement is not ambiguous. Hammond v. Fidelity and Guarantee Life Insurance Co., 965 F.2d 428 (7th Cir. 1992) ("'we will not artificially create ambiguity where none exists'") (quoting Evans v. Safeco Life Insurance Co., 916 F.2d 1437, 1441 (7th Cir. 1992)).

3

At the time they brought this suit, plaintiffs had in their possession all of the information necessary to alert them to the near certainty that that they could not prevail on their claims or on their proposed class definition. A cursory examination of the law would have confirmed this. The claim that "contribution rate" applies to co-pays is unsupported by either the law or common sense. It is even less plausible that the term would apply to the choice of a particular provider, which has nothing to do with the term.

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The grant of a fee award is discretionary, but warranted if the nonprevailing party's litigation posture was not "substantially justified." Little v. Cox's Supermarkets, 71 F.3d 637, 644 (7th Cir. 1995). The district court "entertains a "'modest presumption' that prevailing parties are entitled to a reasonable attorney's fee." Id. (citing Bittner v. Sadoff & Rudoy Industries, 728 F.2d 820, 830 (7th Cir. 1984)). In this instance, plaintiffs have not overcome even that modest presumption. Defendant has not shown that plaintiffs were out to harass it, but it does not need to. It is enough for defendant to show that plaintiffs' litigating position was not substantially justified. Production & Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1405 (7th Cir. 1992) (moving party need not show subjective bad faith to justify fee award). Defendant achieved total success when this court dismissed plaintiffs' action as lacking merit. Accordingly, defendant's motion for attorney fees will be granted.

Defendant is seeking fees against the union and plaintiffs' counsel, not against the

plaintiff class. The union argues that it has been "battered" over the years by defendant's continued layoffs of employees, which has caused the union's Madison plant membership to drop from about 2,000 members in 1999 to 746 members as of September 2012. This argument is better reserved for the next stage of this dispute, which is the size and allocation of the award of attorney fees. As for plaintiffs' counsel, they argue only that defendant failed to construct any argument in support of including them in any award of attorney fees. This is not a persuasive argument because defendant explained at length the ill conceived litigating strategy that counsel pursued. This is sufficient to justify an award. Again, what that award will be is a matter still to be determined.

Defendant has asked that it be allowed to file its attorney fee invoices under seal. That request will be denied. Defendant has not supported its request with any authority and it is not the practice of this court to allow filings under seal unless a sealed filing is required by law.

ORDER

IT IS ORDERED that the motion for attorney fees filed by defendant Kraft Foods Global, Inc. is GRANTED. Defendant may have until October 30, 2012, in which to file its request for fees, supported by its invoices. Plaintiff United Food and Commercial

Workers Local Union 538 and plaintiff's counsel may have until November 13, 2012 in which to file their brief in opposition to the request.

Entered this 18th day of October, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge