IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD BAUER, VAUGHN FRYE,
JOE DELFOSSE, DANIEL McGILL and
UNITED FOOD AND COMMERCIAL WORKERS,
LOCAL UNION 538, on behalf of themselves and all persons
similarly situated,

                                                                  OPINION AND ORDER

                      Plaintiffs,

                                                                   11-cv-15-bbc

    v.

KRAFT FOODS GLOBAL, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs brought this class action under the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461, contending that defendant Kraft Foods Global, Inc. violated these laws by changing certain aspects of plaintiffs' health benefits. In an order dated August 7, 2012, I granted defendant's motion for summary judgment, concluding that neither plaintiffs' health benefits plan nor the parties' collective bargaining agreement prohibited defendant from increasing plaintiffs' co-pays for prescription drugs or eliminating Dean Care as an option for a health maintenance organization. Dkt. #53. In an order dated October 10, 2012, I concluded that

1

defendant was entitled to attorney fees under 29 U.S.C. § 1132(g) because plaintiffs' claims were not substantially justified and I directed the parties to brief the reasonableness of defendant's fees. Dkt. #64.

In response defendant has submitted a fee request of $153,968.14. Plaintiffs have responded both by seeking reconsideration of the order granting defendant's motion for fees and by challenging the reasonableness of defendant's requested amount. However, plaintiffs have included arguments about the reasonableness of defendant's fee in their motion for reconsideration and arguments about defendant's right to fees generally in their brief in opposition to defendant's request for $153,968.14. To avoid further confusion, I will first address all of plaintiffs' arguments challenging fee shifting generally and then consider plaintiffs' objections to the claimed amount without regard to which brief included the particular argument. Having reviewed the parties' arguments, I am denying plaintiffs' motion for reconsideration and awarding defendant fees in the amount of $99,587.

OPINION

A. Motion for Reconsideration

Plaintiffs advance a number of arguments in support of their view that defendant is not entitled to *any* attorney fees: (1) when defense counsel first took this case, one of the fee arrangements proposed was a $270,000 flat fee; (2) defendant did not give notice to

2

plaintiffs that their claims had no merit; (3) 29 U.S.C. § 1132(g) is meant primarily to benefit prevailing plaintiffs. None of these arguments are persuasive.

With respect to their first argument, plaintiffs rely on what they say is recently discovered information that defense counsel offered to represent defendant on this case for a flat fee of $270,000. Although defendant and counsel ultimately chose a different fee arrangement, plaintiffs' view seems to be that the mere proposal is evidence that defense counsel believed that plaintiffs' claims had merit because counsel would not have provided such a large estimate for a frivolous case. In response, defendant says that the proposal had nothing to do with an assessment of the merits, but simply was an acknowledgment that plaintiffs sought to represent a class of more than 1000 people on claims that still were largely undefined. (Plaintiffs' complaint refers broadly to allegedly unlawful "reductions in health care benefits," but provides few specifics.)

Whatever the reasons for defense counsel's proposal, I do not see how they could be relevant to the question before the court. Even if defense counsel believed that plaintiffs' claims had merit, that would matter only to the extent that there was an objective basis for that belief. Product & Maintenance Employees' Local 504 v. Roadmaster Corp., 954 F.2d 1397, 1405 (7th Cir. 1992) ("a position . . . is not substantially justified [if it is] without a solid basis . . . in an objective sense") (internal quotations omitted). Because plaintiffs do not even attempt to show in their motion for reconsideration that they had a reasonable

3

basis for their claims, plaintiffs cannot blame defendant for their decision to bring weak claims.

Plaintiffs' second and third arguments are waived because plaintiffs could have raised them in opposing defendant's original motion for fees.  United States v. 47 West 644 Route 38, Maple Park, Illinois, 190 F.3d 781, 783 (7th Cir. 1999) ("A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment.").  In any event, plaintiffs' second argument, that defendant did not warn them in some way that their claims did not have merit, is even weaker than the first.  Although a court may not impose sanctions under Fed. R. Civ. P. 11 before a party has an opportunity to withdraw a frivolous claim, § 1132(g) does not include a similar provision.  To the extent plaintiffs mean to argue that defendant's failure to warn them is an indication that defendant believed the case was substantially justified, that is irrelevant for the reason discussed above.

Finally, plaintiffs cite Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 563 (7th Cir. 1994), in which the court stated, "[we] have interpreted the provision to mean that although winning defendants may, in rare cases, collect fees from losing plaintiffs, the ERISA fee-shifting statute primarily benefits winning plaintiffs."  Again, plaintiffs waived any argument that the test for awarding fees to defendants in an ERISA case is somehow more stringent than the test for awarding fees to plaintiffs.  However, even if plaintiffs had cited

4

Florin earlier, my conclusion would have been the same. Despite the court's language that an award of fees to defendants is "rare," it never has articulated a different standard for awarding fees depending on which party prevailed. In any event, I have no difficulty in concluding that this is one of the rare cases in which an award of fees to a defendant is appropriate. As I explained in the October 10 order, plaintiffs' claims relied on interpretations of their health plan that had no arguable basis in the law. They still have not identified a particular provision that would support their belief that defendant was prohibited from eliminating Dean Care from its plan. Accordingly, I decline to change my conclusion that defendant is entitled to attorney fees.

B. Reasonableness of Fee Request

The general standard for determining the amount of fees that may be awarded is well established. Courts are to "multipl[y] a reasonable hourly rate by the number of hours reasonably expended." Gastineau v. Wright, 592 F.3d 747, 748-49 (7th Cir. 2010). Plaintiffs do not challenge defendant's requested rates for the attorneys working on the case, but they do argue that defendant is improperly seeking fees for time spent by "paraprofessionals" because defendant does not explain their legal credentials. Alternatively, plaintiffs argue that both the paraprofessionals and the lawyers claim time for various "administrative tasks" that may not be recovered. In addition, plaintiffs raise numerous

5

objections to the amount of time and resources defendant devoted to this case. In particular, plaintiffs say that:

- defendant could have reduced its fees by seeking dismissal of the case sooner;
- defendant spent an unreasonable amount of time reviewing 11,000 documents regarding parol evidence;
- counsel spent too much time drafting discovery requests;
- counsel cut and pasted their summary judgment brief from another case, but defendant is still seeking 50 hours to prepare its initial summary judgment brief;
- three lawyers worked on the same fee petition;
- one lawyer spent 10 hours to prepare for deposing a witness, even though he had already deposed another witness on the same topic;
- counsel billed eight hours taking a deposition that took only 3.5 hours;
- counsel billed for lunch on May 2, 2012 even though plaintiffs' counsel was there and did not see any work taking place.

Finally, plaintiffs say that neither they nor their counsel have the ability to pay the award.

With respect to plaintiffs' objection to all of the time claimed by the "paraprofessionals," plaintiffs acknowledge that paralegal time may be included in a petition

6

for attorney fees, Richlin Security Service Co. v. Chertoff, 553 U.S. 571 (2008), but they argue that defendant has failed to demonstrate that the paraprofessionals are actually paralegals. In response, defendant says that at least one of them is a certified paralegal. Dft.'s Br., dkt. #76, at 7 n.2. Regardless, I see no reason to exclude time claimed by any of these three employees so long as the work they were performing is of the type that a paralegal normally would perform. Plaintiffs cite no authority for the view that a specific type of education is required to make that work compensable.

This leads to plaintiffs' alternative objection that many of the tasks performed by the paraprofessionals are more appropriately labeled administrative tasks. On this issue, I agree with plaintiffs. A review of the billing records shows that much of the paraprofessionals' time was spent on tasks such as organizing files, scanning documents and data entry. "[T]he court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999). Accordingly, I am reducing by half the approximately $21,000 defendant clams for the paraprofessional work.

With respect to the amount of time and resources defendant devoted to the case, I agree with plaintiffs that the case was a relatively simple one that does not justify a fee of more than $150,000. Apart from the health plans and the collective bargaining agreements,

7

few documents had any relevance to the case. Certainly, it was an unwise use of resources to review 18,000 pages of documents (11,000 from plaintiffs and 7,000 from defendant). Although defendant's summary judgment motion should have been straightforward, defendant devoted a significant portion of its briefs to the question whether plaintiffs' benefits had "vested," which was an unnecessary red herring. A $15,000 fee petition is excessive as well.

Plaintiffs bear much of the blame for the unnecessary fees by seeking certification for such a broad class and insisting that parol evidence was relevant to their claims. However, even taking this into account, defendant's fee is bloated, with a number of duplicative and unexplained entries. Accordingly, I am reducing defendant's fee award by one third. E.g., Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C., 574 F.3d 852, 858-859 (7th Cir. 2009) (affirming reduction of fees for overstaffing in uncomplicated case).

In its response to plaintiffs' motion for reconsideration, defendant asks for an opportunity to file a reply brief "[i]f the Court has any inclination to be persuaded by any of Plaintiffs' arguments." Dft.'s Br., dkt. #76, at 7. I am denying this request. It was defendant's burden in the first instance to show that its fee request was reasonable, Wachovia Securities, LLC v. Banco Panamericano, Inc., 674 F.3d 743, 759 (7th Cir. 2012); Spegon, 175 F.3d at 550, but it declined to provide anything but the most general justifications in its brief, supporting affidavit and billing records. Thus, I see no reason to

8

give defendant a second opportunity to explain its charges.

The last issues are whether plaintiffs are entitled to a reduction for their inability to pay and whether counsel for plaintiffs should be jointly and severally liable for the fees. With respect to plaintiffs' ability to pay, the parties agree that the focus should be on the union. Defendant says it does not wish to collect fees from the individual plaintiffs and neither side has adduced any evidence regarding its financial status.

The Court of Appeals for the Seventh Circuit has noted in a number of cases that a relevant factor in assessing attorney fees is "the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees." Raybourne v. Cigna Life Insurance Co. of New York, 700 F.3d 1076, 1090 (7th Cir. 2012); Herman v. Central States, Southeast and Southwest Areas Pension Fund, 423 F.3d 684, 696 (7th Cir. 2005); Brewer v. Protexall, Inc., 50 F.3d 453, 458 (7th Cir.1995). Plaintiffs argue that it is defendant's burden to prove that the union *can* pay the award. Although they acknowledge that the Court of the Appeals for the Seventh Circuit has not addressed this issue, they cite a district court case in Oregon in which the court imposed the burden on the prevailing party without explaining its reasons for doing so. Daul v. PPM Energy, Inc., 2011 WL 841145, *4 (D. Or. 2011). I respectfully disagree with Daul. Obviously, plaintiffs are in a much better position than defendant to provide evidence about their own finances. Metzl v. Leininger, 57 F.3d 618, 622 (7th Cir. 1995) ("Economy in litigation also requires that burdens of presenting evidence be assigned

9

to the parties that can produce the necessary evidence at least cost."). Further, because it is plaintiffs who are seeking a reduction of an award to which defendant would otherwise be entitled, it makes sense to place the burden on them. Accord <u>Garner v. Cuyahoga County Juvenile Court</u>, 554 F.3d 624, 642 (6th Cir. 2009) (party opposing fee petition has burden to prove inability to pay).

Plaintiffs' evidence about the union's ability to pay a fee award is scant. They have submitted the declaration of the union's president, which includes three sentences on this issue:

> 4. The Madison Plant membership of UFCW Local 538 has dwindled from approximately 2,000 union members in 1999 to 1,019 in 2007 to 746 union members today and will be down to approximately 682 members at the end of the month due to more layoffs.
>
> 5. The reduction in workers has resulted in a drastic reduction in dues to the Union. Kraft is aware of the Union's financial situation as it has union members which provide it inside information from the Union. Management has shown me documents that they have obtained from private union meetings that had occurred less than twenty four hours prior.
>
> 6. An award of Kraft's fees against the Union will cripple it from being able to represent its members.

Leikness Dec. ¶¶ 4-6, dkt. #60. Although this declaration provides evidence for the view that the union is receiving a smaller amount of union dues than it used to, it provides no insight into the union's ability to pay a particular amount. A conclusory statement that an award of fees will "cripple" the union does not provide the court with any helpful

10

information regarding what an appropriate reduction might be.  Accordingly, I decline to make any additional reduction in the award because of plaintiffs' alleged inability to pay.

I agree with defendant that it is appropriate to hold plaintiffs' counsel jointly and severally liable for the fee award.  As experienced lawyers, counsel should have realized from the outset that their claims could not succeed, so it is only fair to make them share the burden caused by the decision to bring meritless claims.  As defendant points out, the court of appeals has upheld this practice in the past in an ERISA case.  <u>Little v. Cox's Supermarkets</u>, 71 F.3d 637, 645 (7th Cir. 1995).  Although plaintiffs challenge the soundness of that decision, it is the law of the circuit.

With respect to counsel's ability to pay, plaintiffs have not provided any specific evidence about this issue.  In a declaration, one of plaintiffs' lawyers says that "[t]he firm has carried a large financial burden in paying attorneys fees to its prior law firm, Lawton & Cates, S.C. for cases that came with the attorneys to Arellano & Phebus, S.C." and that "[i]t would be a hardship on the law firm" to pay a fee award.  Phebus Dec. ¶¶ 9-10, dkt. #71. Again, however, there is no specific information to help the court determine what counsel can afford to pay, so I cannot reduce the fee on that ground.

Accordingly, I am awarding defendant $99,587, which represents half of the time claimed by the paraprofessionals and two-thirds of the time claimed by the lawyers.

11

ORDER

IT IS ORDERED that defendant Kraft Foods Global is AWARDED $99,587 in attorney fees. Plaintiff United Food and Commercial Workers, Local Union 538 and counsel for plaintiffs, Arellano & Phebus, S.C. shall be joint and severally liable for the award.

Entered this 28th day of December, 2012.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge